De Witt K. Burnham v. Commissioner.
Burnham v. Commissioner
Docket No. 61416.
United States Tax Court
T.C. Memo 1958-46; 1958 Tax Ct. Memo LEXIS 184; 17 T.C.M. (CCH) 240; T.C.M. (RIA) 58046; March 25, 1958
De Witt K. Burnham, 394 Post Street, San Francisco, Calif., pro se. Leslie T. Jones, Jr., Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax of petitioner and his wife, Elizabeth, for the taxable year 1953, in the amount of $86.40. Only the petitioner filed a petition for review. The issue presented is the amount petitioner is entitled to deduct as an ordinary and necessary business expense incurred in connection with a post-convention forum cruise from New York to Bermuda and return. Some of the facts have been stipulated and are so found. Findings of Fact Petitioner and his wife reside in San Francisco, California. They filed a joint return for 1953 *185 with the district director of internal revenue at San Francisco, California. Petitioner reports income on the cash basis of accounting. Petitioner is a medical doctor. In April 1953, petitioner and his wife attended a convention held by the American College of Physicians at Atlantic City, New Jersey. Approximately 2,000 doctors attended this convention which lasted for approximately five days. In February 1953, petitioner decided to take a trip to Bermuda accompanied by his wife, on a post-convention forum cruise for which the American College of Physicians had made the arrangements. This was petitioner's first trip to Bermuda. The forum cruise took place from April 18th to the 24th, 1953. A brochure (Exhibit 1-A) setting forth the scientific program scheduled to take place aboard the ship and in Bermuda, a list of "sightseeing suggestions", and the names of the physicians who were to make the cruise was furnished to petitioner. The brochure also lists the program of discussions to be held on the boat and in Bermuda. The time schedule of the "discussions" indicates they were of short duration. While in Bermuda, petitioner and his wife visited as many places of interest as time *186 permitted. The evidence does not show whether or not petitioner attended any of the forum discussions or the amount of time spent in sightseeing. On the joint return for 1953 the amount of $878.16, representing the cost of attending the annual convention in Atlantic City, New Jersey, and the Bermuda cruise was claimed as a business expense. Of this total the amount of $225 relates to the cost of the cruise which does not include any expenditures made on behalf of petitioner's wife. In the deficiency notice the respondent disallowed 80 per cent, or $180, of the sum of $225 on the ground it was a nondeductible expense. Petitioner has failed to show what part of the cost of the post-convention trip to Bermuda was an ordinary and necessary business expense. Opinion LEMIRE, Judge: Petitioner, a doctor, appearing pro se, contends that the respondent acted arbitrarily in disallowing a deduction of a portion of the cost of a post-convention cruise as a business expense. Whether a claimed deduction qualifies as an ordinary and necessary expense of carrying on a trade or business under section 23(a)(1)(A) of the Internal Revenue Code of 1939, presents a factual question. Petitioner *187 has the burden of showing that the respondent's determination is erroneous. Respondent has recognized that the entire cost incurred by petitioner in attending the annual convention held by the College of Physicians at Atlantic City, New Jersey, was an ordinary and necessary business expense and has allowed the full amount as deductible. Applying the principal of Cohan v. Commissioner, 39 Fed. (2d) 540, the respondent disallowed 80 per cent of the cost of the Bermuda cruise as incurred primarily for a vacation or pleasure trip and a nondeductible personal expense under section 24(a)(1) of the Code. We think this record discloses that the Bermuda cruise combined both business and pleasure, and the cost incurred was subject to allocation. The respondent's action was, therefore, not arbitrary. Petitioner has not shown whether or not he attended any of the scientific programs provided, or, to what extent the trip was availed for recreation and pleasure. Since the record furnishes no proper basis on which the Court can determine the cost of the Bermuda cruise properly attributable to a business purpose, the respondent's determination is sustained for failure of proof. *188 Decision will be entered for the respondent.